UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURA M. WEED,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>Defendant. | CASE NO. C09-5337RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court upon the Report and Recommendation of Judge J. Richard Creatura, United States Magistrate Judge. Dkt. 15. The Court has considered the Report and Recommendation (Dkt. 15), Plaintiff's Objections to the Report and Recommendation (Dkt. 16), and the file herein.

**FACTS**

The procedural history and basic facts are related at length in the Report and Recommendation and shall not be repeated here. After the Report and Recommendation was issued, plaintiff filed objections arguing that: (1) the Administrative Law Judge ("ALJ") improperly rejected the lay witnesses' statements and testimony without articulating specific and valid reasons, and (2) the ALJ did not properly assess all of the evidence as required by SSR 96-8P when determining the plaintiff's residual functional capacity ("RFC") and, therefore, the ALJ's step 5 finding was unsupported by the evidence. Dkt. 16.

**DISCUSSION**

This Court must uphold the Commissioner's determination that the plaintiff is not disabled if the

ORDER
Page - 1

Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Carr v. Sullivan*, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

### 1. LAY WITNESS TESTIMONY

The ALJ is responsible for determining witness credibility, resolving conflicts in the medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When an ALJ discredits lay witness testimony concerning a claimant's ability to work the ALJ must provide reasons "that are germane to each witness." *Nguyan v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The reasons "germane to each witness" must be specific. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (explaining that "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony"). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court does not engage in second guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff argues that the ALJ failed to properly address the lay witness statements provided by Julie Kalkstine, the plaintiff's mother, without providing any basis or rationale. Dkt. 16. Judge Creatura found that the ALJ provided clear and convincing reasons upon which to discount the lay witnesses' credibility including the objective medical evidence provided by Drs. Dixon and Wheeler and Counselor Ms. Hostetter, the plaintiff's daily activities, the plaintiff's social life, and the plaintiff's motivation to sell Mary Kay products. Dkt. 15. Judge Creatura points out that the ALJ noted that Ms. Kalkstine's statements about the plaintiff's daily activities supported the conclusion that the plaintiff's intellectual capacity was normal and that the plaintiff is more capable that the plaintiff believes and than Ms. Kalkstine contends. *Id.*

Plaintiff also argues that the ALJ failed to properly address the lay witness statements provided by Tim Piper, the plaintiff's mother's boyfriend. Dkt. 16. Judge Creatura properly concluded that although

the ALJ did not provide an analysis of Mr. Piper's statements, those statements were similar to the testimony of Ms. Kalkstine, and, if an ALJ provides clear and convincing reasons to reject one witness' testimony, then it follows that the ALJ also gave germane reasons for rejecting all similar testimony or statements. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (affirming the ALJ's rejection of the plaintiff's wife's testimony because it was similar to the plaintiff's complaints already rejected). Accordingly, Judge Creatura properly concluded that the ALJ provided specific reasons for rejecting the lay witness testimony of Ms. Kalkstine and Mr. Piper and that finding was supported by substantial evidence in the record.

## 2. RFC ASSESSMENT

An individual's RFC is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c). Social Security guidelines further define RFC as "what an individual can still do despite his or her limitations" on a regular and continuing basis for 8 hours a day, 5 days a week. Social Security Ruling ("SSR") 96-8. The ALJ's RFC assessment must be based on all of the relevant evidence in the record, such as "medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, evidence from attempts to work, need for a structured living environment, and work evaluations if available." *Id.*

Plaintiff argues, in her objections, that Judge Creatura erred in finding the ALJ's RFC assessment was proper. Dkt. 16. The plaintiff alleges that the ALJ committed the following errors when assessing the plaintiff's RFC: (a) the ALJ found plaintiff capable of performing simple and detailed work but failed to assign weight and reject the opinions of the nonexamining physicians who found plaintiff was moderately limited when faced with detailed work; (b) the ALJ failed to assess the plaintiff's limitations identified by Dr. Wheeler and Dr. Neims, especially the plaintiff's marked limitation in the ability to tolerate pressures and plaintiff's reading level; (c) the ALJ failed to consider the plaintiff's non-severe impairments, including the plaintiff's anxiety disorder, wrist limitations, and reactions to stress. Dkt. 16.

Judge Creatura properly concluded that the ALJ's RFC assessment was correct. The ALJ relied heavily on the opinion of Dr. Wheeler, the health professional that evaluated the plaintiff's psychological

health the most (three examinations spanning 2005-2008). *See* Dkt. 15. In August 2005, Dr. Wheeler opined that plaintiff had several moderate to marked limitations in her ability to perform work-related activities. *Id.* Similarly, in September 2005, psychologist Daniel Neims found that plaintiff had moderate to marked limitations. The ALJ did not disagree with the assessments as they applied to late 2005; however, the ALJ concluded that the evidence showed that plaintiff's condition was better both before and after 2005, and thus the opinions from Dr. Neims and Dr. Wheeler more likely documented a temporary exacerbation in the plaintiff's symptoms. *Id.* The ALJ properly focused on Dr. Wheeler's examination of the plaintiff on July 10, 2007, where Dr. Wheeler stated plaintiff was functioning better than the last time she evaluated her. *Id.* Plaintiff's RFC limitations noted by the ALJ are accurately reflected in the assessments made by Dr. Wheeler. Judge Creatura properly notes that the ALJ's RFC limitations accounted for the plaintiff's mental limitations by limiting the plaintiff's interaction with co-workers, supervisors, and the general public and by prohibiting the plaintiff from performing complex tasks. *See* Dkt. 15. Moreover, Judge Creatura notes that the ALJ incorporated the entire record, including the plaintiff's activities and the plaintiff's counselor reports when he considered the proper weight to afford the medical evidence. Dkt. 15. Accordingly, Judge Creature properly concluded that the ALJ correctly considered the medical evidence and that he properly relied on substantial evidence in the record to formulate the plaintiff's RFC.

## **ORDER**

Accordingly, it is hereby **ORDERED** that:

(1) The Court **ADOPTS** the Report and Recommendation;

(2) The administrative decision is **AFFIRMED;** and

(3) The Clerk is directed to send copies of this Order to Plaintiff" counsel, Defendant's counsel and Magistrate Judge J. Richard Creatura.

DATED this 4th day of March 2010.

Robert J Bryan
United States District Judge